STATE OF INDIANA, EX REL. CASSEL *v.* JOHNSTON
ET AL.

[No. 26,290.   Filed April 25, 1933.]

564

HUGHES, J.—This is an original action filed in the Supreme Court of Indiana by Charles Cassel, relator, as executor of the last will and testament and estate of Nancy J. Ranck, deceased, against G. Edwin Johnston, judge of the Fayette Circuit Court, and against the Fayette Circuit Court. On February 3, 1933, the relator, Charles Cassel, filed a petition in said court to obtain a writ of mandate and prohibition against the defendants, requiring said defendants to grant a change of venue in a matter then pending in the Fayette Circuit Court, the same being exceptions to a current or partial report in the estate of Nancy J. Ranck, deceased, and to prohibit the defendants herein from hearing said exceptions to said current or partial report. Said affidavit and motion for change of venue was filed on February 2, 1933. On February 3, 1933, this court made and entered an order for an alternative writ of mandate and prohibition and made the same returnable on February 20, 1933. On February 20, 1933, the defendants filed their return and answer, and, on March 17, 1933, the relator filed a reply to the return of the defendants.

On the 6th day of February, 1933, the relator filed a second petition in this court to obtain a writ of mandate and prohibition against the defendants to prohibit them from disposing, or attempting to dispose, of any legal matters connected with, or pertaining to, the estate of Nancy J. Ranck, deceased, which is pending in the Fayette Circuit Court, and to have G. Edwin Johnston, judge of the Fayette Circuit Court, to show cause why he should not be adjudged guilty of contempt of the Supreme Court. Said petition also asks that said Johnston be mandated to expunge, cancel, vacate, and set aside the order of February 3, 1933, assuming and

purporting to remove the relator as executor of said estate. The petition filed on February 6, 1933, proceeds upon the theory that the defendant, G. Edwin Johnston, judge of the Fayette Circuit Court, had violated an order of this court in summarily removing Charles Cassel as executor of the estate of Nancy J. Ranck, deceased. The petition avers that said Charles Cassel was summarily removed as executor of said estate on February 3, 1933, by the said G. Edwin Johnston, as judge of the Fayette Circuit Court.

The relator's petitions, the returns of the defendants thereto, and the reply of the relator, are very voluminous and it would unnecessarily extend this opinion to quote at length from either of them.

As to the alternative writ issued by this court on February 3, 1933, the defendants' return thereto shows that the defendants had granted the change of venue which had been applied for prior to the time said writ of mandate and prohibition was issued out of this court and prior to the time of the service of any writ, or notice of any writ, to the judge in said cause and that the defendants took no action of any kind relative to the hearing of the objections and exceptions to the current or partial report filed in the estate of Nancy J. Ranck, deceased.

This court will not do a useless thing, and as the office of the writ of mandate is to compel action it will not issue if the duty sought to be enforced has already been done. It is conceded by all the parties hereto that the change of venue was granted on February 3, 1933, and it sufficiently appears that the defendants did not hear or attempt to hear the exceptions to the current, or partial report, on February 4, 1933. The relator herein contends that the defendant Johnston is in contempt of this court for the reason that he, as judge of the Fayette Circuit Court, summa-

rily removed the relator, Charles Cassel, as executor of the Nancy J. Ranck estate, and that in doing so he assumed to pass upon and decide the matters with reference to the said partial or current report filed by said relator as executor of said estate. It appears from the petition and return that on the evening of February 3, 1933, at about 9:45 p.m., the said G. Edwin Johnston, as judge of the Fayette Circuit Court, prepared and had delivered to the clerk of said court an order purporting to summarily remove relator as said executor, and in said order of removal he considers and discusses at some length the partial or current report filed by the relator in said estate, and his reasons for the removal of said executor are based partly on said report.

The defendants, for answer and return to the writ issued out of this court, say that they removed said executor on February 3, 1933, prior to and before any writ was issued out of this court, and before any notice of any kind was served upon these defendants, and prior to and before any notice came to the knowledge of the defendants; that on the morning of February 4, 1933, after the Fayette Circuit Court was duly opened and the clerk had commenced the reading of the record for the previous day, to-wit: February 3, 1933, that Albert Heeb, one of the attorneys for the relator, laid a paper on the bench of the judge, but did not inform the court what it contained or what to do with it; that the court asked said Heeb to have a chair until the clerk had finished reading his record; that Heeb sat down in the court room for a few minutes, but then left the court room, and did not remain until the minutes of February 3d had been read; that after the record had been read, and there being no objections, it was signed; that after the record had been read and signed, Heeb re-entered the court room, picked up the papers he had laid on the judge's bench and read to the de-

fendants a writ of mandate and prohibition in open court on February 4, 1933; that the said Heeb, in answer to the defendant, said that he was not deputized to serve the papers; that a short time later the sheriff of Fayette county read said writ of mandate and prohibition to said Johnston.

Albert P. Heeb, one of the attorneys for the relator, as part of the reply to the defendants' return and answer, under a sworn statement, says that on the morning of February 4, 1933, and before the clerk began the reading of the record of February 3, 1933, and before the judge had taken his chair, he handed to the judge the writ of mandate and prohibition issued out of this court, and that he announced to said judge and said court that he was handing said judge and court a copy of the writ of mandate and prohibition in the matter of the estate of Nancy J. Ranck, deceased, as issued out of the Supreme Court of Indiana. William K. Stoops, who was the clerk of said county on February 4, 1933, in an affidavit which is made a part of the reply to the defendants' return and answer, confirms the foregoing statement of Albert P. Heeb.

After giving due consideration to the petition of the relator, the return and answer of the defendants, and the reply of the relator to the return and answer of the defendants, we can not say with confidence that the defendant, G. Edwin Johnston, as judge of the Fayette Circuit Court, had notice or knowledge of the issuing out of this court of the alternative writ of mandate and prohibition on February 3, 1933, relative to the Nancy Ranck estate, but his conduct, as shown, strongly suggests that he did. The fact that the order removing the executor was delivered to the clerk at 9:45 P. M. on February 3, 1933; that he apparently kept himself secretly cloistered in his office, and refused any one admittance on the morning of February 4, 1933,

until the exact minute for him to go on the bench, and the fact that E. Ralph Himelick, one of the attorneys for the defendants, learned on February 3, 1933, about 3 P. M., that the Associated Press dispatch carried the news that a writ of mandate and prohibition had been issued out of this court directed to the defendants relative to the estate in question and the fact that E. Ralph Himelick brought to the clerk's office at 9:45 P. M., February 3, 1933, a typewritten order of G. Edwin Johnston, judge of the Fayette Circuit Court, removing the relator as executor of the estate of Nancy J. Ranck, deceased; the fact an emergency was found to exist for the removal of the relator just at the particular time, and, as we view the facts, there was no such emergency. All of these facts strongly point to the conclusion that the said Johnston had some knowledge of the fact that a writ had been issued, even though it had not been served on him, and that he was attempting to evade the process of this court.

The Supreme Court derives its authority to issue writs of mandate and prohibition from Section 1244 Burns 1926, as follows: "That such writs of mandate may issue out of the Supreme Court to the Circuit, Superior, or Criminal courts of this state respectively, compelling the performance of any duty enjoined by law upon such Circuit, Superior, and Criminal courts respectively, including the granting of changing of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; also writs of prohibition may issue out of the Supreme Court to such Circuit, Superior, and Criminal courts respectively to restrain and confine such Circuit, Superior, and Criminal courts respectively to their respective jurisdiction."

The question now presented is, Can this court by man-

date compel the defendants to expunge, cancel, vacate, and set aside the order of February 3, 1933, assuming and purporting to remove said Charles Cassel as executor of the last will and testament of the estate of said Nancy J. Ranck, deceased?

In the removal of said executor the said G. Edwin Johnston, judge of the Fayette circuit, and the Fayette Circuit Court relies upon cl. 6 of Sec. 3090 Burns 1926, which section, as far as applicable here, provides: "On a written application, verified by oath of any person interested in the estate or of any co-executor, co-administrator, or surety of such executor or administrator, specifying the grounds of complaint, any executor or administrator with the will annexed or administrator may be removed, and his letters superseded by the court in which such letters issued, . . . cl. 6. Where he shall fail to give additional bond and sureties as required by the court; or the court may without such application, for any such cause, *in case of an emergency,* remove such executor or administrator instantly, without citation" Section 3091 provides: "On the filing of such application, or upon the order of the court, the clerk shall issue a citation to the person complained against, requiring to appear and answer, which citation shall be served on him ten days before the hearing of the cause." Section 3093 provides: "At the term of the court next after notice has been given, the court shall proceed to hear the proofs and allegations of the parties; and, upon such hearing, may examine such executor or administrator on oath."

Under these sections, except where there is a clear emergency, the decisions of this court uniformly hold that the statute contemplates that an answer may be filed and the formation of an issue on the allegations of the petition as in ordinary civil actions. *McFadden* v. *Ross* (1884), 93 Ind. 134.

"The writ of mandamus is an extraordinary writ which can be issued only to compel the performance of a clear legal duty. The duty to do an act must be absolute and imperative and not dependent upon the exercise of discretion or judicial determination." *State, ex rel.,* v. *Wrigley, Judge* (1918), 187 Ind. 78, 118 N. E. 353; *State, ex rel.,* v. *Leathers* (1925), 197 Ind. 97, 149 N. E. 900.

Under clause 6 as above set out the court may, in case of emergency, remove an executor or administrator without citation. The emergency, however, should be clear and imperative before a court should take such a drastic measure to remove an executor or administrator without a citation so that the parties in interest may have their day in court.

In the instant case the defendants, in the removal of the relator as executor of said estate, acted under clause 6, *supra*. They were attempting to exercise their right of discretion and judicial determination and under such circumstances a writ of mandamus will not lie. This right may be abused (and in the instant case we think it has been) and, if it has, the relator has a right under the law to have a review of the action of the defendants in removing him as executor of said estate.

We conclude that the writ of mandate and prohibition should be set aside and dissolved and that the defendant G. Edwin Johnston should not be held in contempt of this court, and it is so ordered.