MAY *v.* SANSBERRY ET AL.

[No. 17,838. Filed May 24, 1949. Rehearing denied June 29, 1949. Transfer denied November 16, 1949.]

*Whitehead & Whitehead,* of Anderson; and *Kane, Blain & Hollowell* (of counsel), of Indianapolis, for appellant.

*James C. Sansberry,* of Anderson; and *Charles B. Feibleman* (of counsel), of Indianapolis, for appellees.

ROYSE, J.—This appeal questions the action of the Madison Circuit Court in removing appellant as Administrator of the Estate of James W. Sansberry, deceased, without notice or citation.

Appellee James C. Sansberry filed his verified petition in said court charging appellant with various acts

of misconduct and averring there was an emergency which required the immediate removal of appellant without citation as administrator of said estate. Said appellee was at the time the attorney of record for appellant in said estate.

The petition of said appellee filed September 23, 1948, takes up more than six pages of appellant's printed brief and we will set out only the portions necessary to a determination of the question presented by this appeal.

After alleging the appointment and qualification of appellant, and that said appellee is one of the heirs at law of said decedent, it avers appellant failed for nine months to comply with an order of the Madison Circuit Court to file an amended inventory and to sell certain personal property. It further charged that he had failed to comply with the statute which requires that at the end of one year from the date of first publication of notice of his appointment said administrator shall file his final account, nor has he made any showing as to why he has not filed a current report, although the estate has been opened for more than two years.

It further avers that there is a claim for $20,000 for services rendered decedent by one Inez John; that said claim is pending for trial in the Grant Circuit Court; that said claim was set for trial in said court on the 27th day of September, 1948. It avers appellant informed the Madison Circuit Court and the Grant Circuit Court that three law firms were representing the estate in the matter of said claimant. It shows the other heir of said decedent has employed counsel to represent her in connection with this claim. It avers said appellee is informed and believes that appellant had been advised said claim is a dangerous claim and it is possible that a substantial recovery can be made

and that if a reasonable settlement can be made it should be considered, but that appellant refused to consider any possibility of settlement in excess of $2. It then alleges, in part, as follows:

"The petition would further show to the Court that this petitioner is an attorney at law practising at Anderson, Indiana and is the attorney of record in this Court of said Administrator and of said estate and has been representing the Administrator and said estate insofar as the Administrator will permit such representation and that this petitioner as such attorney has obtained from the claimant, Inez John, almost two (2) years ago an offer of settlement upon which negotiations could then have been had and that the Administrator refused to consider a settlement at that time and to the best of this petitioner's knowledge and belief at all times since that time has refused to consider any settlement with the claimant in any amount whatsoever, but continues to undertake the employment of additional counsel at the expense of said estate.

". . .

"This petitioner further shows to the Court that the Administrator, James S. May, refused to consult with this petitioner as to the affairs of the estate, and has unduly delayed the compliance with the Court's orders and his duties as such administrator without excuse or explanation.

"The petitioner would further show to the Court that for the reason that said claim of said Inez John is set for trial on Monday, September 27, 1948, before a Jury in the Grant Circuit Court and that the Administrator has failed to discuss settlement and refuses to consider the advise of counsel for the estate and is undertaking to charge said estate with great additional expense by the way of other and additional counsel, and for the further reason that much of the material heretofore ordered re-inventoried and reappraised consists of bits, drills, reamers and such like property which is decreasing in value and demand since such items are much more plentiful now than they

were a year ago and which are continuing to decrease in value to the damage of this estate, that an emergency exists which is absolute and imperative that this Court take such steps as may be permitted under Clause six (6) of 1933 Burns' 6-601, to remove said Administrator, James S. May, without any application therefor, instantly and without citation, and that this petitioner believes that in view of the situation hereinabove outlined and the matters therein pointed out to the Court, many of which are within the personal knowledge of the Court, that the Court should recognize the clear emergency and remove said Administrator instantly and without citation and that the Court should appoint as Administrator of said estate some unbiased and unprejudiced stranger to handle the affairs of such estate in a prudent and business like manner under the direction of this Court."

The Court immediately granted said petition and made its order removing appellant as Administrator and appointing appellee Citizens Banking Company of Anderson, Administrator De Bonis Non of said estate.

Section 6-601, Burns' 1933 provides the causes for which an administrator may be removed. Section 6-602, Burns' 1933 provides that on the filing of an application for removal the clerk shall issue a citation to the person sought to be removed ten days before the hearing of the cause. Section 6-604, Burns' 1933 provides for the hearing.

Subd. 6 of § 6-601, *supra,* provides, in part, as follows: "or the court may, without such application, for any such cause, in cases of an emergency, remove such executor or administrator instantly, without citation."

"Emergency" is defined in Webster's International Dictionary as: "An unforseen combination of circumstances which calls for immediate action."

In construing the foregoing provision of Subd. 6, *supra,* the Supreme Court, in the case of *State ex rel. Cassel* v. *Johnson et al.* (1933), 204 Ind. 563, 570, 185 N. E. 278, said:

"The emergency, however, should be clear and imperative before a court should take such a drastic measure to remove an executor or administrator without a citation so that the parties in interest may have their day in court."

While the petition in this case alleges certain of the statutory grounds provided in the statute above referred to for the removal of an administrator upon citation and hearing, in our opinion it wholly fails to show the existence of such an emergency as would justify the removal of appellant without such citation or hearing.

We cannot agree with the contention of appellees that the imminence of the trial of the John claim and the refusal of appellant to negotiate for a compromise of said claim created such an emergency as to justify the action of the trial court. The petition on its face shows the other heir had employed private counsel to contest this claim. If appellant believed the claim was unjust it was his duty to contest it. Furthermore, the refusal to compromise a claim pending against an estate is not one of the statutory grounds for the removal of an administrator. The rule which controls such actions as this is stated in *Henry's Probate Law & Practice,* p. 162, § 154 (5th Ed.), as follows:

"The causes for which an executor or administrator may be removed from his trust, and the mode by which his removal may be lawfully procured, and the persons who may make an application for his removal, are all accurately defined and pointed out in this statute; and from an examina-

tion of the statute it will be seen that the removal of an executor or administrator from his trust can only be procured upon the written application, to the proper court, verified by oath, of some person interested in the estate, or of his co-executor or co-administrator, if he has any, or a surety on his bond, specifying the grounds of complaint for such removal; and such written application must show that the applicant, if not a co-executor or co-administrator, or a surety, has a real and existing interest in the decedent's estate, and must allege *some one or more of the statutory causes for removal,* and ask for such removal. (Citing authorities)." (Our emphasis).

This cause is remanded to the Madison Circuit Court with instructions to set aside its order removing appellant as Administrator of the estate of James W. Sansberry, deceased, and for further proceedings in accord with the views herein expressed.

NOTE.—Reported in 86 N. E. 2d 88.