## MEYER *v.* ANDERSON BANKING COMPANY.

[No. 30,033. Filed October 30, 1961. Rehearing denied June 25, 1962.]

*O'Neill, Scott, Schrenker & Norton, Paul E. Schrenker* and *William J. Norton,* both of counsel, all of Anderson, for appellant.

*Wayne O. Wimmer,* of Elwood, *De Armond, Booram & De Armond,* and *Lawrence Booram,* of counsel, of Anderson, for appellee.

JACKSON, J.—This appeal comes to us by order of the Appellate Court pursuant to Acts 1901, ch. 247, §13, p. 565, being §4-217 Burns' 1946 Replacement.

Michael Meyer, Jr., was duly appointed and qualified as the co-administrator of the estate of Mary Meyer, deceased, on the 19th day of March, 1956, in the Superior Court of Madison County, Indiana, and continued to act as such co-administrator until the 27th day of June, 1957, on which date the special judge of the Superior Court, on his own motion, removed Michael Meyer, Jr., and William Meyer as co-administrators of said estate, ordering them to file their final report within 30 days and appointed the Anderson Banking Company as successor adminis-

trator. The Anderson Banking Company accepted the appointment and letters of administration were issued to it. The court's action was based upon its finding that an emergency existed for removal of the co-administrators, and was taken without notice, hearing or citation.

Upon learning of said order of removal, Michael Meyer, Jr., on the 16th day of July, 1957, filed his motion to set aside the order removing him as administrator. Such motion was overruled by the trial court.

The issue presented here is whether or not an emergency existed upon which the special Judge of the Superior Court could, upon his own motion, without a citation, petition, notice or hearing remove the said Michael Meyer, Jr., as co-administrator of the estate of Mary Meyer, deceased. Appellant's assignment of error, in pertinent part, reads as follows, to-wit:

"1. The Court erred in entering the order and judgment of June 27, 1957, removing this Appellant as co-administrator of the Estate of Mary Meyer, Deceased, without a citation and without an emergency existing."

The record discloses that on the 21st day of June, 1957, Michael Meyer, Jr., and others filed a motion for a change of venue from the Judge.

Objections of Tillie Leisure, et al., were filed to the motion for change of venue, which in view of the issue before us we set out in detail.

"Comes now Tillie Leisure, Carrie Ertel, and Anna Cochran, each of whom is an interested person in this estate being administered upon, and now make and file the following objections to the separate motion by Michael Meyer, Jr., personally and as alleged co-administrator, Gus

Meyer and George Meyer, for a change of judge from the Honorable Robert T. Caine on the following grounds:

"1. The applicants for the change of judge did not cause a copy of such motion to be served upon the opposing counsel as required by Rule 1-12 of the Indiana Supreme Court.

"2. The applicants' motion seeks to grant a change of judge in the administration of the estate rather than in an adversary proceedings as contemplated by Section 2-1403 Burns' Statutes 1946 Replacement.

"3. The Honorable Robert T. Caine, special judge, was selected as special judge by an agreement of all the parties, including the applicants for a change of judge, and there is no showing in the affidavit that they did not know of any bias or prejudice at the time of his selection; nor does such motion specifically allege when the cause of bias and prejudice was first discovered, how it was discovered, the fact showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence, as required by Rule 1-12B of the Indiana Supreme Court. The failure of the applicants to comply with Rule 1-12B denies these parties, and other interested persons, the right to file counter-affidavits on such issue within ten (10) days as granted by said rule.

"4. The motion for a change of judge was filed after the Honorable Robert T. Caine, special judge, had indicated in open court that Michael Meyer, Jr., and William Meyer would each be removed and an administrator de bonis non, having no interest in the estate, would be appointed in their stead.

"5. A change of judge at this point in the administration would be contrary to the best interests of such estate, and to the public interest because: The Honorable Robert T. Caine since his selection and appointment, is now familiar with the prior proceedings, and the matters and things necessary to perform in carrying out the ministerial and judicial acts to close said estate, as expeditious as possible, and the selection of an-

other special judge would only result in further delay until such person had acquainted himself with all the matters now known to the said Honorable Robert T. Caine. Such motion and affidavit is merely filed for vexation, hinderance and delay.

"Wherefore, Tillie Leisure, Carrie Ertel and Anna Cochran separately pray that the motion for a change of judge, heretofore filed by the said Michael Meyer, Jr., Gus Meyer and George Meyer on the 21st day of June, 1957, should be in all things overruled."

To the motion for change of venue and the objections thereto the court entered the following order:

"Come now the parties and this cause being before the Court for hearing, the Court now overrules and denies the motion for change of venue from the Judge. The Court now finds that an emergency exists for the removal of the Co-administrators herein, and now the Court on his own motion removes Michael Meyer, Jr., and William Meyer as co-administrators herein. Comes now the Court and orders said Co-Administrators to file their final report within 30 days from this date. The Court now appoints Anderson Banking Company as successor administrator herein.

ROBERT T. CAINE
Robert T. Caine, Special Judge."

Thereafter on the 27th day of June, 1957, the Court appointed the Anderson Banking Company as administrator de bonis non.

While the state of the record is far from perfect, it appears therefrom that, other than the recital that a hearing was had, embodied in the order of removal, no evidence was heard, no citation was issued or notice given of a proceeding for the removal of the administrator. On the contrary it appears that the hearing held was on the motion for change of venue, and that the removal of the administrator was inci-

dental thereto and not pursuant to notice or citation against the administrator. Other than the recital in the order itself, there was no showing of emergency and no evidence adduced from which an emergency could be inferred, nor was there any evidence taken in said hearing on the removal question disclosed by the record.

The removal statute, Acts 1953, ch. 112, §1006, p. 295, being §7-406 Burns' 1953 Replacement, reads as follows:

"When personal representative may be removed.—When the personal representative becomes mentally incompetent, disqualified, unsuitable or incapable of discharging his duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in the state of Indiana, the court may remove him as hereinafter provided:

"(a) The court on its own motion may, or on petition of any person interested in the estate, shall order the representative to appear and show cause why he should not be removed. Such order shall set forth in substance the alleged grounds upon which such removal is based; the time and place of hearing; and may be served upon the personal representative in the same manner as a notice is served pursuant to the provisions of the code.

"(b) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.

"The removal of a personal representative after letters are duly issued to him does not invalidate his official acts performed prior to removal."

We assume that the removal in the instant case was predicated upon subsection (b) of the removal

statute. In such event we think it incumbent upon the trial court to have the record disclose, in substance at least, the facts constituting the emergency in order that a judicial review may be had of the actions of the court, where, as in this case, it is claimed there was an abuse of judicial discretion. *May* v. *Sansberry* (1949), 119 Ind. App. 523, 86 N. E. 2d 88, 47 A. L. R. 2d 316; *State ex rel. Cassel* v. *Johnston* (1933), 204 Ind. 563, 185 N. E. 278. See also: Henry's Probate Law and Practice, §154, p. 162, (5th Ed.), and authorities there cited.

Appellant seeks to raise the constitutionality of Acts 1953, ch. 112, §1006, p. 295, being §7-406 Burns' 1953 Replacement. That question, being raised for the first time in this court, was waived by the appellant and need not here be considered.

Appellees contend that the overruling of the motion to reconsider the judgment removing said appellant as co-administrator of the estate of Mary Meyer is not properly in the record and that by reason thereof no final judgment is here for consideration. On that proposition we point out that the entry of the judgment removing said administrator constituted a final judgment of the trial court, and is therefore appealable and properly the subject of review by this court.

The judgment of the trial court is reversed, the cause is remanded with instructions to set aside the order removing appellant as co-administrator of the estate of Mary Meyer, deceased, and for further proceedings not inconsistent with this opinion.

Achor, Arterburn and Bobbitt, JJ., concur.

Landis, C. J. concurs in result.

NOTE.—Reported in 177 N. E. 2d 662.