STATE of Indiana on the Relation of WABASH VALLEY BROADCASTING CORPORATION doing business as WTHI–TV, and Tribune-Star Publishing Co., Inc., Relators,

v.

The VIGO CIRCUIT COURT and the Honorable Hugh D. McQuillan, as Judge thereof, Respondents.

No. 1082S392.

Supreme Court of Indiana.

May 9, 1983.

George A. Brattain, W. Curtis Brighton, Marshall, Batman, Day, Swango & Brattain, Terre Haute, for relator.

Eric Abel, Pros. Atty. for Vigo County, Terre Haute, for respondents.

PIVARNIK, Justice.

This is an original action by which Relators, Wabash Valley Broadcasting Corporation and Tribune-Star Publishing Co., Inc., sought a writ of mandamus and prohibition. The relators filed separate petitions but both concerned an order issued by Judge McQuillan, Vigo Circuit Court, on August 18, 1982. We consolidated the petitions for the purpose of hearing and disposition of this matter. Although the writs were eventually denied, we felt this opinion was necessary in explanation of that ruling.

On August 18, 1982, the criminal cause of *State of Indiana v. Donald Ray Wallace,* No. C–CR–80–9, was before the Honorable Hugh D. McQuillan in the Vigo Circuit Court. The order of Judge McQuillan on August 18th, was as follows:

"ORDER

The Court having granted a Defendant's motion to have the Defendant Wallace's hair cut prior to commencement of jury selection for trial of this cause now scheduled to commence on Tuesday, August 31, 1982, at 9 A.M., the Court would now order that the local television stations, WTHI, WTWO and WBAK, are prohibited from showing to the viewing public any still pictures, moving pictures, television clips or artists' conceptions of the Defendant as he appeared prior to 3 P.M. on this date, Wednesday, August 18, 1982.

The Court would also order that the Tribune-Star Publishing Company is prohibited from publishing any pictures or artists' conceptions of the Defendant

Wallace as he appeared prior to 3 P.M. this date.

Willful or negligent disobedience of failure to comply with this order on the part of the parties so ordered will be held to be in direct contempt of this Court.

So ordered this 18th day of August, 1982."

A copy of the order was served on all of the news media in the general area and on the Vigo and Vanderburgh County Prosecutor's offices. The Relators contend that the August 18th order violated the First and Fourteenth Amendments to the United States Constitution and Art. 1 § 3 and § 9 of the Indiana Constitution, because it was a prior restraint on their constitutional right to freedom of the press. Relators cite *Nebraska Press Ass'n v. Stuart* (1976) 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 for support.

In response Respondent shows that the trial court did in fact enter the order of August 18, 1982. Respondent shows further that in response to objections made by Relators here, in motions before the trial court, Judge McQuillan did, on August 26, 1982, revoke the August 18, 1982 order by entering the following:

"IT IS THEFORE ORDERED, ADJUDGED AND DECREED that this Court's order dated August 18, 1982, is hereby revoked and held null and void."

It is Respondent's position therefore, that Relator's petition is now moot and should be denied. The matter was heard by this Court on October 14, 1982 and petitions for writ were denied.

■ Since the trial court revoked its Order of August 18, 1982, prior to this Court exercising its jurisdiction, no controversy remained between the parties and all issues raised in the petitions for writ were moot. There was, therefore, no issue remaining to be determined by this Court.

Relators still request our intervention since the August 26th order of the Vigo Circuit Court, revoking the August 18th order, contained some reservations. In the August 26th order, Judge McQuillan found that his August 18th order should not have been entered and ordered that it be revoked and held to be null and void. He then gave an explanation of his ruling and requested the news media's cooperation in balancing and recognizing the public's right to know the facts with the State's and the defendant's rights to a fair trial without interference. As a part of the August 26th order the court noted: "This Court specifically reserves the right to make such additional orders herein in regard to this subject as may be necessary to protect the rights of the State in its prosecution, and the rights of the Defendant under the Sixth Amendment and rights of the press under the First Amendment."

Relators contend that the August 26, 1982 order of the trial court makes conclusions of law which are contrary to the holding of *Nebraska Press Ass'n, supra,* and indicates that it may reinstate the restrictive order of August 18th; therefore, it is necessary for this Court to respond to prevent the trial court from entering a similar order in the future which will impose a prior restraint on these Relators and others similarly situated.

■ This Court will not direct the issuance of mandamus where duty sought to be enforced has already been performed. *State ex rel. Cassel v. Johnston,* (1933) 204 Ind. 563, 565, 185 N.E. 278, 279. There is no present order of the Vigo Circuit Court which restrains these Relators in any manner since the August 18th order was revoked. The trial ended on September 22, 1982 with the defendant's conviction. There is, therefore, no present controversy existing between these parties and no issue before this Court. The fact that the trial court may issue a similar order in the future does not give grounds for this Court to issue a writ of prohibition or mandamus. The writ is accordingly denied.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.