In the Matter of the ESTATE OF Josephine JAWORSKI, Deceased; John Jaworski; Casimer Jaworski; Sylvester Jaworski; Helen Przbylinski; and Veronica Weinkauf, Appellants (Respondents and Claimants Below),

v.

Margaret JAWORSKI, as Personal Representative of the Estate of Aloysious Jaworski, Deceased; Walter Jaworski; and First Source Bank, Successor Personal Representative of the Estate of Josephine Jaworski, Deceased, Appellees (Petitioners Below).

No. 3–684A170.

Court of Appeals of Indiana, Third District.

June 17, 1985.

Rehearing Denied Aug. 7, 1985.

Samuel C. Justice, Portland, for appellants.

Terrance F. Wozniak, Chapleau, Farabaugh & Wozniak, South Bend, for Margaret Jaworski.

Warren E. McGill, Lynn C. Tyler, Barnes & Thornburg, South Bend, for First Source Bank.

HOFFMAN, Judge.

Appellants John Jaworski, Sylvester Jaworski, Casimer Jaworski, Helen Przbylinski, and Veronica Weinkauf (appellants herein) seek review of the Probate Court's order removing John as personal representative of the Estate of Josephine Jaworski, and denying appellants' claim against the estate for attorney fees incurred in a separate action. The facts relevant to this appeal are as follows.

On April 7, 1980, Josephine Jaworski executed a land contract selling two farms which she owned to her son, Aloysious, and

his wife, Margaret. Appellants, five of Josephine's other children, filed suit in the St. Joseph Superior Court on October 2, 1981, seeking to have the contract set aside. Josephine died on July 14, 1982, leaving a Will that named John as the personal representative of her estate. Her Will was probated in the St. Joseph Probate Court. At some point thereafter, Josephine's estate became a plaintiff in the lawsuit filed in the Superior Court.

Walter Jaworski, one of Josephine's other children who was not a named party in the Superior Court action, filed a petition in the Probate Court on October 27, 1982 to remove John as the personal representative of Josephine's estate. Similarly, on November 1, 1982, the Estate of Aloysious Jaworski[1] filed a petition to remove John as the personal representative of Josephine's estate. On January 21, 1983, John, in his capacity as personal representative, filed a petition for attorney fees for services rendered to the estate after it had joined the Superior Court action. A similar petition was filed by John for additional fees incurred in prosecuting that litigation as well as fees relating to other administration aspects of the estate.

The Superior Court held a trial on appellants' petition to set aside the land contract in late October of 1983 and took the matter under advisement. On March 1, 1984, the Probate Court issued the following order on the petitions to remove John and for appellants' attorney fees:

"The Court, having had this matter under advisement, now finds that:

Antagonisms and animosity exist between the heirs herein. The Court believes that Court proceedings should be a healing process and not a boiling pot for additional strife. The continuance of John Jaworski as executor will result in serious and recurring conflicts and disagreements between the heirs and the executor which cause undue delay and causes the estate to incur unnecessary expense and prevent the harmonious and effective adminis-

---

1. Aloysious died shortly after his mother passed away on September 13, 1982.

tration of the estate. Further, the evidence shows that John Jaworski, the executor herein, is a legatee under the terms of the Will and is also a claimant against the estate.

Therefore, the Court finds that he is unsuitable to act as executor.

The Court further specifically denies each claim for attorney fees heretofore petitioned for as they pertain to Cause No. M–81–CV–345 entitled, *Jaworski, et al, v. Jaworski, et al,* St. Joseph Superior Court, as such fees are the expense of the petitioners therein and not the Estate of Josephine Jaworski."

■ On the appeal from this order appellants have raised two issues for review:[2]

(1) whether the Probate Court abused its discretion when it removed John as the personal representative of the Estate of Josephine Jaworski; and

(2) whether the Probate Court erred when it denied the claims and petitions for attorney fees incurred in the Superior Court action.

■ Appellants first contend that the Probate Court abused its discretion when it removed John from the position of personal representative of Josephine's estate. Appellants acknowledge that the court is empowered by statute to remove a personal representative. IND.CODE § 29–1–10–6 provides:

"When the personal representative becomes mentally incompetent, disqualified, unsuitable or incapable of discharging his duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in the state of Indiana, the court may remove him ...[.]"

It is well settled that a probate court has great latitude and wide discretion in matters concerning the appointment and removal of executors and administrators, and this Court will not attempt to control or interfere with the court's action unless it is clear that its discretion has been abused. *Matter of Estate of Sandefur* (1980), Ind. App., 413 N.E.2d 309.

■ The Probate Court removed John because it found him to be unsuitable to act, one of the statutory grounds for removal. The court based its conclusion on three findings: 1) the continuance of John as personal representative would result in recurring conflicts and disagreement between the heirs causing undue delay and cause the estate to incur unnecessary expense and prevent the harmonious and effective administration of the estate; 2) John is a legatee under the terms of the Will; and 3) John is a claimant against the estate. In reviewing the reasonableness of the court's determination, this Court must examine it in light of these given reasons. This standard requires that a reason stated by the probate court justify the manner in which it exercised its discretion. Where the court gave several reasons for the manner in which it exercised its discretion, we need only find one correct reason to uphold that discretion. *Matter of Estate of Baird* (1980), Ind.App., 408 N.E.2d 1323.

■ This Court has previously determined that an individual is not unsuitable to act as personal representative because he may be a claimant against the estate, *Baird, supra,* or a legatee under the decedent's Will. *Sandefur, supra; Baird, supra.* Thus, this Court must determine whether the animosity and disagreements which exist between the personal representative and some of the legatees renders John unsuitable to serve as personal representative.

■ In *Baird,* this Court affirmed the removal of a co-executor because animosity and ill-feeling existed between him and the other co-executor. The Court noted that this animosity interfered with and affected the orderly administration of the estate. In the present case, there was evidence from which the court could have concluded

that the animosity and ill-feeling which existed between John and the siblings who were not plaintiffs in the Superior Court action was of such great magnitude that it would interfere with and affect the orderly administration of the estate. Walter Jaworski testified that the animosity has caused several matters to be handled by and between attorneys that may have otherwise been handled by discussion between the parties. Margaret, Aloysious' wife, testified that after Josephine's death, she, Aloysious and their son had been enjoined from being upon Josephine's property. She further stated that all communication from John has been relegated to letters between attorneys, and that John and the others do not even speak to her.

The trial court determined that the animosity and ill-feeling, and the effect that it had upon the orderly administration of the estate, rendered John unsuitable to act as personal representative. As that determination is supported by evidence, the trial court did not abuse its discretion in removing John from the position of personal representative of Josephine's estate.

Appellants' second contention is that the Probate Court erred when it denied all claims and petitions for executor and attorney fees.

The executor and attorney fees incurred, excluding those in regard to the Superior Court action have not yet been ruled upon. However, from the record submitted to this Court, we cannot determine what the Probate Court did rule upon. If the court ruled upon a claim filed against the estate by the five plaintiffs in the Superior Court action for fees incurred in that case prior to Josephine's death, no such claim is contained in the record. There is no evidence in the record supporting any such claim. In fact, it is not even clear whether a trial or hearing has occurred on that purported claim.

■ In regard to John's petition for executor and attorney fees incurred with respect to the Superior Court action, it is the duty of the executor to gather all assets the decedent owned at the time of her death. If there is a question of the land contract's validity, the executor had a duty to enter into the action and obtain equitable title. In that case, the attorney fees and expenses incurred after the estate entered into the Superior Court action might be allowable against the estate.

■ Thus, it is incumbent upon the Probate Court to hear evidence and make a determination whether the attorney fees and expenses incurred in the Superior Court action are expenses of the parties individually or those of the personal representative. The judgment denying attorney fees is reversed and the trial court is directed to hold an evidentiary hearing on the same.

Affirmed in part and reversed in part.

STATON, P.J., and GARRARD, J., concur.