## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 06 2020, 7:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Jonathan E. Lamb
John A. Cremer
Cremer & Cremer
Fishers, Indiana

ATTORNEY FOR APPELLEES

Joseph A. Colussi
Colussi Law Office
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elizabeth J. Hollrah and Janice Stacy, Individually and as Beneficiaries and Former Personal Representatives of the Estate of Laura E. Barker,

*Appellants-Respondents*,

v.

Estate of Laura E. Barker, Don Wickens, Personal Representative,

*Appellee-Intervenor*,

Lisa R. Barker and Connie L. Barker,

*Appellees-Petitioners*.

April 6, 2020

Court of Appeals Case No. 19A-EU-1978

Appeal from the Decatur Circuit Court

The Honorable Timothy B. Day, Judge

Trial Court Cause No. 16C01-1906-EU-38

**Brown, Judge.**

[1] Elizabeth J. Hollrah and Janice Stacy, individually and as beneficiaries and former personal representatives of the Estate of Laura E. Barker (the "Estate"), appeal the July 25, 2019 order of the Decatur Circuit Court removing them as personal representatives. We reverse and remand.

## *Facts and Procedural History*

[2] Laura E. Barker ("Barker") and Dewey P. Barker ("Dewey P.") were husband and wife. They had three children: Dewey R. Barker ("Dewey R."), Elizabeth Hollrah, and James Barker ("James"). James predeceased his parents leaving three children, Connie L. Barker ("Connie"), Lisa R. Barker ("Lisa"), and Victoria Williams.

[3] Dewey P. died on February 13, 2002. The last will and testament of Dewey P. provided, among other bequests, that the residue of his estate go to Union Bank & Trust Company to hold to benefit Barker. It also provided that, upon termination of the trust, the balance was to be divided among Dewey R., Hollrah, and Connie, Lisa, and Williams.

[4] On April 20, 2019, Barker died. Barker's last will and testament bequeathed a certain set of dishes to her grandchild, Lisa, and a certain vase to her grandchild, Connie. Among other bequests, the last will and testament also bequeathed the "rest, residue and remainder of my property, both real and personal of any type whatsoever in equal shares in value, with one share to each of my children Elizabeth J. Hollrah and Dewey R. Barker who shall survive

me, and one-share to the issue per stirpes of each of my said named children who shall not survive me." Appellants' Appendix Volume II at 88-89. In her last will and testament, Barker nominated and designated her daughter Hollrah to serve as executor and provided that Hollrah may nominate another person to serve as co-executor.

[5] On May 8, 2019, Hollrah filed a Petition for Probate of Will, Issuance of Letters and Unsupervised Administration in the Shelby Circuit Court under cause number 73C01-1905-EU-30. The petition alleged Barker was domiciled in Decatur County, Indiana, when she died. Hollrah asserted Barker's last will and testament designated her to serve as personal representative, and she nominated Stacy to serve as co-personal representative and noted that Item XI of the will provided for unsupervised administration without bond. That same day, Dewey R. filed a Consent and Authorization to Appointment of Personal Representatives for Estate.

[6] On May 13, 2019, the Shelby Circuit Court entered an Order Granting Probate of Will, Issuance of Letters and Leave to Administer Estate Without Court Supervision and Without Bond. That same day, the court entered a Notice of Unsupervised Administration stating that Hollrah and Stacy were appointed personal representatives of the Estate. On June 6, 2019, Hollrah and Stacy filed a Proof of Notice of Administration Upon Beneficiaries.

[7] Meanwhile, on May 23, 2019, Lisa and Connie filed in the Shelby Circuit Court a motion titled "Motion to Transfer Estate to Decatur County, To

Remove the Non-Resident Personal Representative Until a Proper Bond Has Been Posted and To Convert To a Supervised Estate." Appellants' Appendix Volume II at 33-35 (some capitalization omitted). They asserted in part that there were significant questions concerning the handling of the assets of the Dewey P. Estate while under the control of Barker or Hollrah following the death of Dewey P. On May 24, 2019, Hollrah and Stacy filed an objection to the motion and asserted that notice and a hearing were required upon petition for removal of a personal representative. On May 28, 2019, Lisa and Connie filed a reply.

[8] On May 30, 2019, Dewey R. filed a Confirmation By Child of Decedent As To Approval of Personal Representatives. That same day, the Shelby Circuit Court entered an order stating that Lisa and Connie had "moved the Court to transfer this matter to Decatur County pursuant to I.C. 29-1-7-1 and Trial Rule 75(B), to remove the non-resident Personal Representative, Elizabeth J. Hollrah, for failing to comply with I.C. 29-1-10-1 and to convert the matter to supervised administration." *Id.* at 66. The court ordered "that this matter shall be transferred to Decatur Circuit Court by the Personal Representative within twenty days" and that the "Personal Representative shall pay the costs chargeable for the transfer and shall see that all papers and records filed in this Court are certified and delivered to the Decatur Circuit Court upon transfer." *Id.*

[9] On June 7, 2019, Hollrah and Stacy filed a response in the Decatur Circuit Court to Lisa and Connie's May 28, 2019 reply and asserted in part that Lisa

and Connie had no standing because they received the property mentioned in Barker's last will and testament and attached documents allegedly signed by Lisa and Connie indicating receipt of dishes and a vase on May 6, 2019.

[10] On June 18, 2019, the Decatur Circuit Court scheduled a hearing for August 16, 2019, pursuant to Ind. Code § 29-1-10-6, on Lisa and Connie's motion to remove personal representative. On June 24, 2019, Hollrah and Stacy filed an amended inventory in the Decatur Circuit Court.

[11] On July 11, 2019, the Decatur Circuit Court set a hearing on all pending matters in cause number 16C01-1906-EU-38, the cause from which this appeal arises, at the same time as a hearing scheduled for July 28, 2019, on all pending matters in the Dewey P. Barker Estate under cause number 16C01-0207-ES-41. On July 15, 2019, Hollrah and Stacy filed a motion to reset hearing. On July 16, 2019, Connie and Lisa filed a response to the motion. That same day, the Decatur Circuit Court rescheduled the hearing to August 16, 2019.

[12] On July 25, 2019, the Decatur Circuit Court entered an order stating that "having reviewed the pleadings filed in this cause of action and having conducted a telephonic pretrial with counsel of record [the court] determines that it is in the best interest of all parties involved that an unrelated, independent personal representative be appointed by the Court and this estate administered as a supervised estate." *Id.* at 211. The court appointed Attorney Don Wickens as the personal representative of the Estate and vacated all scheduled hearings.

[13]     On August 19, 2019, Hollrah and Stacy filed a motion to reconsider the court's July 25, 2019 order. On August 21, 2019, Connie and Lisa filed a response. That same day, Hollrah and Stacy filed a reply, and the court entered an order denying the motion to reconsider and stating that "[t]he Court's removal/appointment was at the suggestion of the parties' attorneys." Appellants' Appendix Volume III at 59.

## Discussion

[14]     Hollrah and Stacy argue that Lisa and Connie lacked standing because they were not interested parties under Ind. Code § 29-1-1-3 and failed to file a claim in the Estate under Ind. Code § 29-1-14-1, and that "the Decatur Circuit Court erred by not dismissing Lisa and Connie's Motion." Appellants' Brief at 16. They also contend the Decatur Circuit Court failed to hold a hearing required under Ind. Code § 29-1-10-6 prior to removing them as personal representatives. They assert the court's July 25, 2019 order contains no finding of an emergency as required by Ind. Code § 29-1-10-6 to circumvent the need for a hearing.

[15]     Generally, "[t]he probate court has great latitude and wide discretion in matters concerning the appointment and removal of executors." *Matter of Estate of Runyan*, 557 N.E.2d 1353, 1356 (Ind. Ct. App. 1990) (citing *Estate of Jaworski v. Jaworski*, 479 N.E.2d 89 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*). This court will not interfere with the probate court's action unless it is clear its discretion has been abused. *Id.* When a statute prescribes the steps necessary to remove a personal representative, the statute must be obeyed, and a non-complying order of removal is ineffectual. *Id.* (citing HENRY'S PROBATE LAW

AND PRACTICE, § 1304, at 528 (1989); 31 AM. JUR. 2d *Executors and Administrators*, § 295 (1989)).

[16] Ind. Code § 29-1-10-6 governs removal of personal representatives and provides:

> (b) When the personal representative becomes incapacitated (unless the incapacity is caused only by a physical illness, infirmity, or impairment), disqualified, unsuitable or incapable of discharging the representative's duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in Indiana, the court may remove the representative in accordance with either of the following:
>
> > (1) The court on its own motion may, or on petition of any person interested in the estate shall, order the representative to appear and show cause why the representative should not be removed. The order shall set forth in substance the alleged grounds upon which such removal is based, the time and place of the hearing, and may be served upon the personal representative in the same manner as a notice is served under this article.
> >
> > (2) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.
>
> (c) The removal of a personal representative after letters are duly issued does not invalidate official acts performed prior to removal.

[17] Ind. Code § 29-1-10-6 "contemplates removal of a personal representative in two ways: 1) after notice of the charges and a hearing; or 2) without notice or

citation in the case of emergency." *Matter of Estate of Runyan*, 557 N.E.2d at 1356 (citing HENRY'S PROBATE LAW AND PRACTICE, § 1307, at 537). An emergency is defined as an unforeseen set of circumstances which calls for immediate action. *Id.* (citing *May v. Sansberry*, 119 Ind. App. 523, 86 N.E.2d 88 (1949)). Absent a clear emergency, the personal representative who is sought to be removed is entitled to notice and a hearing. *Id.* (citing *State v. Johnston*, 204 Ind. 563, 185 N.E. 278 (1933)). When a personal representative is removed without notice and a hearing, the probate court must disclose, at least in substance, the facts constituting the emergency so that this court may review the probate court's action to determine if there has been an abuse of discretion. *Id.* (citing *Meyer v. Anderson Banking Co.*, 243 Ind. 145, 177 N.E.2d 662 (1961); AM. JUR. *supra*, § 303).

[18] To the extent Hollrah and Stacy assert that the Decatur Circuit Court failed to hold a hearing, which we find to be the dispositive issue, the court scheduled a hearing for August 16, 2019, and yet entered an order removing Hollrah and Stacy as personal representatives on July 25, 2019. While the court's July 25, 2019 order referred to a "telephonic pretrial with counsel," Appellants' Appendix Volume II at 211, and the court's August 21, 2019 order denying the motion to reconsider states that "[t]he Court's removal/appointment was at the suggestion of the parties' attorneys," Appellants' Appendix Volume III at 59, we cannot say that the teleconference satisfied the hearing requirement under the statute or determine from the record before us that the trial court's removal was proper. *See Matter of Estate of Runyan*, 557 N.E.2d at 1358 ("Based on the

above, we find that although the court's order claimed several improprieties, neither the order nor the record presented to us discloses 'an emergency' (an immediate threat to the administration of the estate) as would justify a removal without a hearing."); *Meyer v. Anderson Banking Co.*, 243 Ind. 145, 149-151, 177 N.E.2d 662, 664-665 (1961) (addressing the removal of a personal representative, observing that, "other than the recital that a hearing was had, embodied in the order of removal, no evidence was heard, no citation was issued or notice given of a proceeding for the removal of the administrator," noting that "[o]ther than the recital in the order itself, there was no showing of emergency and no evidence adduced from which an emergency could be inferred, nor was there any evidence taken in said hearing on the removal question disclosed by the record," and reversing the trial court's order, and remanding for further proceedings).[1]

---

[1] In *Meyer*, the Indiana Supreme Court interpreted a similar statute. Specifically, the Court observed:

> The removal statute, Acts 1953, ch. 112, § 1006, p. 295, being § 7-406 Burns' 1953 Replacement, reads as follows:
>
> 'When personal representative may be removed.-When the personal representative becomes mentally incompetent, disqualified, unsuitable or incapable of discharging his duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has ceased to be domiciled in the state of Indiana, the court may remove him as hereinafter provided:
>
> '(a) The court on its own motion may, or on petition of any person interested in the estate, shall order the representative to appear and show cause why he should not be removed. Such order shall set forth in substance the alleged grounds upon which such removal is based; the time and place of the hearing; and may be served upon the personal representative in the same manner as a notice is served pursuant to the provisions of the code.
>
> '(b) The court may without motion, petition or application, for any such cause, in cases of emergency, remove such personal representative instantly without notice or citation.

For the foregoing reasons, we reverse and remand for a hearing consistent with this decision.

Reversed and remanded.

Mathias, J., and Pyle, J., concur.

---

'The removal of a personal representative after letters are duly issued to him does not invalidate his official acts performed prior to removal.'

243 Ind. at 150, 177 N.E.2d at 664-665.